**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br><br>Andrew R. Korn, Receiver | **DEFENDANTS**<br><br>Henry J. Melton, II |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Seymour Roberts, Jr.   Neligan LLP<br>325 N. St. Paul, Suite 3600<br>Dallas, Texas 75201   Telephone: (214) 840-5300 | **ATTORNEYS** (If Known)<br>Kevin S. Wiley, Sr.   The Wiley Law Group<br>325 N. St. Paul, Suite 2750<br>Dallas, Texas 75201   Telephone: (469) 484-5016 |
| **PARTY** (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor      ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Fraud, embezzlement and/or larceny ||

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ To Be Determined |
| Other Relief Sought ||

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Henry J. Melton, II | BANKRUPTCY CASE NO.<br>17-44206-rfn-11 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Texas | DIVISION OFFICE<br>Fort Worth | NAME OF JUDGE<br>Russell F. Nelms | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*/s/ Seymour Roberts, Jr.* | | | |
| DATE<br><br>January 25, 2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Seymour Roberts, Jr. | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Seymour Roberts, Jr.
Texas State Bar No. 17019150
**Neligan LLP**
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Tel: (214) 840-5300
Fax: (214) 840-5301

**COUNSEL FOR ANDREW R. KORN, RECEIVER**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| In re<br><br>**HENRY J. MELTON, II,**<br><br>Debtor.<br><br>**ANDREW R. KORN, RECEIVER,**<br><br>Plaintiff,<br><br>**HENRY J. MELTON, II,**<br><br>Defendant. | Case No. 17-44206-RFN-11<br><br><br><br>Adv. Pro. No. |

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Andrew R. Korn, Receiver (the "Receiver"), the court-appointed Receiver in Cause No. DC-16-09291 (the "State Court Action") pending before the 134th Judicial District Court of Dallas, County, Texas (the "State Court"), a secured creditor in the above-captioned bankruptcy case (the "Bankruptcy Case") of Henry J. Melton, II ("Melton"), and the Plaintiff is this adversary proceeding (the "Adversary Proceeding"), files this *Complaint to Determine Dischargeability of*

---
**COMPLAINT TO DETERMINE DISCHARGEABILITY
OF DEBT – PAGE 1**
86692v

*Debt* (the "Complaint") against Melton, the Defendant in this Adversary Proceeding under § 523(a)(4) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code")[1] and, for cause of action, would show this Court as follows:

### I. JURISDICTION AND VENUE

1. On October 14, 2017 (the "Petition Date"), Melton filed his voluntary petition for relief under chapter 11 of the Bankruptcy Code [D.E. 1] initiating the Bankruptcy Case.

2. On December 4, 2017, the United States Trustee filed its motion to appoint a chapter 11 trustee in the Bankruptcy Case (the "Trustee Motion"), which was unopposed. This Court granted the Trustee Motion on December 6, 2017 when it entered its order [D.E. 33] directing the appointment of a chapter 11 trustee herein. On December 7, 2017, this Court appointed Scott Seidel as the chapter 11 Trustee herein (the "Trustee").

3. This Bankruptcy Case was administratively dismissed on December 20, 2017 when this Court entered an order to that effect [D.E. 38] (the "Dismissal Order") for the failure to file (a) copies of employee income records within 14 days of the Petition Date, (b) a statement of monthly income within 14 days of the Petition Date, and (c) a statement of operations within 7 days of the Petition Date. On December 22, 2017, Melton filed his motion [D.E. 39] seeking to reinstate the Bankruptcy Case (the "Motion to Reinstate") on the grounds that since Melton was an individual and not a corporate entity, he did not have the documents checked off and listed on the Dismissal Order. This Court granted the Motion to Reinstate on January 6, 2018, when it entered an order [D.E.46] granting the requested relief.

---

[1] All of the section references contained in this Complaint will refer to the Bankruptcy Code, unless otherwise indicated.

4. This Court has jurisdiction to hear this Complaint under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of the Bankruptcy Case is proper before this Court in this district under 28 U.S.C. §§ 1408 and 1409. This Adversary Proceeding is brought under Rule 7001(6) of the Federal Rules of Bankruptcy Procedure. The statutory predicate for the relief requested in this Complaint is § 523(a)(4).

## II. THE PARTIES

5. The Plaintiff in this Adversary Proceeding is the Receiver, an individual, who appointed as the receiver in the State Court Action. The Receiver's office and principle place of business is located at the address of 4221 Avondale Avenue, Dallas, Texas 75219.

6. The Defendant in this Adversary Proceeding is the Debtor, an individual, who may be served with process at the address of 1900 Carnegie, Grapevine, exas76051.

## III. FACTUAL BACKGROUND

**A. THE ENTRY OF THE JUDGMENT, APPOINTMENT OF THE RECEIVER, THE ESTABLISHMENT OF THE RECEIVERSHIP ESTATE, AND THE AFFIRMATIVE DUTIES IMPOSED ON MELTON**

7. On October 6, 2016, X Extreme Construction & Rehab, Inc. ("X Extreme") obtained a *Final Judgment* (the "Judgment") against Melton and two related co-Defendants, H. Melton Ventures, LLC ("Ventures") and Michael G. Warden ("Warden") (collectively, the "State Court Defendants"), in the State Court Action, for knowingly and intentionally breaching a contract and a guaranty. The total amount awarded to X Extreme under the Judgment was $205,832.26, plus post-judgment interest, and additional attorney's fees if the Judgment was appealed. A copy of the Judgment is attached as **Exhibit A**.

8. Melton owns 90% of Ventures, and Warden owns the remaining 10%. Ventures is a holding company that owns the following entities: (a) Havana Social Club LLC (100%) (this

entity operated a cigar bar at the American Airlines Center, the home of the Dallas Mavericks and the Dallas Stars); (b) HMV The Courtyard Villa LLC (100%) (this entity operates a wedding chapel venue in Arlington, Texas); (c) Spa810 Greenville LLC (100%) (this entity operates a day spa); (d) Spa810 McKinney LLC (50%) (this entity operates a day spa); and (e) Worst Behavior LLC ("Worst Behavior") (100%) (this entity operated a party boat, but the boat was repossessed). Melton and Warden worked for Ventures and its subsidiaries.

9. None of the State Court Defendants made a voluntary payment on the Judgment or cooperated in collection,[2] and X Extreme was unable to collect on the Judgment. X Extreme sought the aid of the State Court in the appointment of a Receiver, and on April 25, 2017, the State Court entered its *Order Granting Plaintiff's Application For Post-Judgment Receivership Pursuant to TEX. CIV. PRAC. & REM. CODE § 31.002* (the "Receivership Order"). A copy of the Receivership Order is attached as **Exhibit B**. Under the Receivership Order, the Receiver was directed to liquidate the State Court Defendants' non-exempt property,[3] and the State Court Defendants were directed to turnover that property, plus the related documentation, to the

---

[2] See, James N. Gray Co. v. Armtek Sys., Inc., 2006 U.S. Dist. LEXIS 2516, at *9 (E.D. Ky. Jan. 24, 2006) (Courts normally expect defendants to pay any judgment without the Plaintiff having to resort to asset discovery); accord, Denton v. Denton, 147 So. 2d 545, 547 (Fla. App. 1962) ("The plaintiff as well as the defendant must honor the orders and judgments of the court, and the courts should liberally utilize the available and reasonable means of enforcing their judgments and decrees."); cf, Integrated Control Sys. v. Ellcon-National, Inc., 2003 U.S. Dist. LEXIS 25310, at *6 n.5 (D. Conn. Aug. 17, 2003) ("This Court expects the complete cooperation of plaintiff in defendant's collection efforts and will respond harshly to any actions perceived as stonewalling…").

[3] This listing of non-exempt property is comprehensive and includes: (1) all documents or records, including financial records; (2) all financial accounts (bank account), certificates of deposit, money-market accounts, accounts held any third party; (3) all securities; (4) all real property, equipment, vehicles, boats, and planes; (5) all safety deposit boxes or vaults; (6) all cash; (7) all negotiable instruments, including promissory notes, drafts, and checks; (8) causes of action, choses of action and judgments; (9) contract rights, whether present of future; (10) accounts receivable; and (11) intangible property and property rights including, but not limited to intellectual property rights such as internet domains, patents, copyrights and trademarks. See the Receivership Order, **Exhibit B**, p, 2.

Receiver, as well as all of their interests in businesses, ventures and all related documents, for that purpose.[4]

10. The Receivership Order imposed certain affirmative obligations on the State Court Defendants that included the following:

- **Turnover of Documents and Receivership Assets.** The State Court Defendants were ordered to turnover to the Receiver within 5 days of their receipt of a copy of the Receivership Order (a) the documents contained on Exhibit A to the Receivership Order together with all documents and financial records requested by the Receiver, and (b) all checks, cash, securities (stocks and bonds), promissory notes, documents of title and contracts owned by or in the name of the State Court Defendants.[5]

- **Turnover of Business Documents.** The State Court Defendants were ordered to identify and turnover to the Receiver all interests of the State Court Defendants in any business or venture and all agreements, stock certificates and other documents pertaining to the State Court Defendants' ownership in the business or venture within 5 days from the State Court Defendants' receipt of a copy of the Receivership Order.[6]

- **Continuing Duty.** The State Court Defendants were ordered to continue, until the Judgment is paid in full, to turnover to the Receiver at the Receiver's address, all checks, cash, securities, promissory notes, documents of title, and contracts within 3 days from the State Court Defendants' receipt and possession of any such property.[7]

- **Turnover of Homestead Sale Proceeds and Documents.** Within 7 days of the signing of the Receivership Order, Melton was ordered to deliver to the Receiver at the Receiver's address a cashier's check for the amount Melton received (or was credited) resulting from the 2017 sale of Melton's purported homestead located at 817 North Shore Drive, Highland Village, Texas 75077

---

[4] The documents to be turned over to the Receiver include the following (going back 36 months): (1) bank statements; pass books and other bank or financial records; (2) federal income and state franchise tax returns; (3) all motor vehicle Certificates of Title; (4) real property deeds and deeds of trust; (5) business journals, ledgers, accounts payable and receivable files; (6) state sales tax reports; and (7) credit applications and other documents stating debtor's financial condition (for the preceding 72 months). See the Receivership Order, **Exhibit B**, p. 2, and Exhibit A thereto.
[5] Receivership Order, **Exhibit B**, p. 2.
[6] Receivership Order, **Exhibit B**, p. 2.
[7] Receivership Order, **Exhibit B**, p. 2.

**COMPLAINT TO DETERMINE DISCHARGEABILITY
OF DEBT – PAGE 5**
86692v

(the "Homestead"), and a copy of all documents showing the date and the sale of the Homestead and the amount received or credited to Melton.[8]

B.  **THE FAILURE AND REFUSAL OF MELTON TO COMPLY WITH THE RECEIVERSHIP ORDER**

11. After the Receiver was appointed, he filed his oath and posted his bond on April 27, 2017. Later that afternoon, the Receiver visited Venture's offices. The Receiver was permitted to inspect the leasehold, but the Property Manager had already locked Ventures out of the premises. During the time period of May 12 – June 20, 2017, the Receiver collected the Defendants' cash and property through several levies. The Receiver's levies of cash include the following:

| DATE PAYMENT RECEIVED | SOURCE OF PAYMENT | AMOUNT OF PAYMENT ($) |
| --- | --- | --- |
| May 12, 2017 | Cirque Unit 1106, 2500 N. Houston St., Dallas, TX 75219 | 9.70 |
| June 1, 2017 | Chase Bank, via cashier's check dated May 26, 2017 | 17,971.73 |
| June 2, 2017 | Veritex Community Bank, via cashier's check dated May 30, 2017 | 3,805.18 |
| June 17, 2017 | Havana Social Club, 3030 Olive St., Suite 103, Dallas, TX | 1,002.11 |

The Receiver's levies on personal property include the following:

| DATE OF LEVY | LOCATION OF LEVY | PERSONAL PROPERTY LEVIED |
| --- | --- | --- |
| May 12, 2017 | Cirque Unit 1106, 2500 N. Houston St., Dallas, TX 75219 | Samsung large screen television with remote, pool table, couch with pillows, xBox video game equipment, king size bed and bedding, night stands, headphones, Apple Ipad, several pairs of men's boot, Keurig coffee maker, George Foreman Grill |
| May 30, 2017 | 1900 Carnegie Lane, Grapevine, TX 76051 | Personalized photograph album of Melton's football accomplishments at the University of Texas, assorted sports memorabilia |
| June 17, 2017 | W (Residences – South Tower), 2408 Victory Park Lane, Dallas, TX | 2014 Land Rover, Range Rover Model, Texas License Plate GHH-5908; color white |

---

[8]  Receivership Order, **Exhibit B**, p. 4.

**COMPLAINT TO DETERMINE DISCHARGEABILITY
OF DEBT – PAGE 6**
86692v

The Receiver's levies are detailed in his Receiver's First Interim Report of June 20, 2107 (the "Report"), a copy of which is attached as **Exhibit C**.

12. Melton and the other State Defendants did not cooperate with the Receiver, and they failed and refused to comply with the Receivership Order. Melton's violations of the Receivership Order include the following infractions:

- **Documents and Receivership Assets.** Melton did not turnover to the Receiver any documents contained on Exhibit A to the Receivership Order, any documents and financial records requested by the Receiver, or any checks, cash, securities (stocks and bonds), promissory notes, documents of title or contracts owned by or in the name of the State Court Defendants. Melton had these assets to turnover to the Receiver, but chose not to surrender them. Proof of this is the fact that the Receiver was able to successfully levy on cash and personal property that belonged to Melton, as is detailed in the Report. Melton could have voluntarily tendered them to the Receiver, but failed and refused to do so (the "Levied Assets Violation").

- **Business Documents.** Melton did not identify or turnover to the Receiver all interests of that Melton had in any business or venture and all agreements, stock certificates and other documents pertaining to the Melton's ownership in the business or venture. Melton had these documents to turnover to the Receiver, but chose not to surrender them. Proof of this is the fact that the Receiver was able to successfully redirect some of Melton's mail and came into possession of such documents through his own efforts (the "Business Documents Violation").

- **Homestead Sale Proceeds and Documents.** Melton did not turnover to the Receiver at the Receiver's address a cashier's check for the amount Melton received (or was credited) resulting from the 2017 sale of Melton's purported homestead located at 817 North Shore Drive, Highland Village, Texas 75077 (the "Homestead"), and a copy of all documents showing the date and the sale of the Homestead and the amount received or credited to Melton. Although Melton's original offering price on his Homestead was $2,125,000,[9] he sold that property for $1.4 million to Arvedis Marwanian, who was his attorney in the State Court Action, on or around February 17, 2017.[10] From that transaction, according to the sale documents, Melton netted $420,000. Melton did not

---

[9] See the Agent Full Report, a copy of which is attached as **Exhibit D**.
[10] See the One to Four Family Residential Contract Sale (Resale), a copy of which is attached as **Exhibit E**.

**COMPLAINT TO DETERMINE DISCHARGEABILITY**
**OF DEBT – PAGE 7**
86692v

> turnover any of these documents or monies to the Receiver (the "Homestead Sale Proceeds Violation").

- **Ventures Bank Account.** The Receivership Order was entered on April 25, 2017. It was served on Melton on April 27, 2017. On May 1, 2017, $158,000 was withdrawn from a Ventures bank account.[11] This money could have been, and should have been, turned over to the Receiver, but that did not happen. Had that money been surrendered to the Receiver, the money and the items that the Receiver levied upon would have paid off the balance of the Judgment, with only costs remaining ("Ventures Bank Account Violation").

- **Severance Pay.** Approximately one week before Melton filed this Bankruptcy Case, he received a little over $60,000 from the Tampa Bay Buccaneers. Melton could have, and should have surrendered those funds to the Receiver, under the Receivership Order. Instead of doing that, he just spent the money (the "Severance Pay Violation").

- **Worst Behavior Bank Account.** Melton used the bank account of Worst Behavior as his own personal bank account in order to avoid complying with and obeying the Receivership Order, and escape the Receiver's collection efforts. Melton could have, and should have surrendered his personal funds in that account to the Receiver, but he did not. Instead of doing that, he financed his ongoing lifestyle with that money (the "Worst Behavior Bank Account Violation").

### IV. CAUSES OF ACTION

#### COUNT 1 – NON-DISCHARGEABILITY OF DEBT UNDER § 523(A)(4)

13. The Receiver re-alleges the factual allegations contained in all of the preceding paragraphs herein as if they were fully set forth at length.

14. The Levied Assets Violation, the Business Documents Violation, the Homestead Sale Proceeds Violation, the Ventures Bank Account Violation, the Severance Pay Violation, and the Worst Behavior Bank Account Violation constitute embezzlement and/or larceny under §

---

[11] See the Ventures Bank Account Statement, a copy of which is attached as **Exhibit F**.

**COMPLAINT TO DETERMINE DISCHARGEABILITY
OF DEBT – PAGE 8**
86692v

523(a)(4) and, therefore, the Receiver's claim against Melton in the Bankruptcy Case should be declared to be non-dischargeable.

## V. ATTORNEY'S FEES AND COSTS

15. The Receiver re-alleges the factual allegations contained in all of the preceding paragraphs herein as if they were fully set forth at length.

16. The Receiver is entitled to recover is reasonable attorney's fees and costs for the filing and prosecution of this Complaint under Texas Civil Practice and Remedies Code § 31.002(e).

## VI. PRAYER

The Receiver prays that this Court enter a Judgment against Melton: (a) determining that that the Receiver's claim against Melton in the Bankruptcy Case is non-dischargeable under § 523(a)(4); (b) awarding the Receiver his reasonable attorney's fees and costs under Texas Civil Practice and Remedies Code § 31.002(e); and (c) awarding the Receiver such other and further relief, special or general, at law or in equity, as the Court may deem just and proper.

Dated: January 25, 2017

Respectfully submitted,

**NELIGAN LLP**

By: /s/ Seymour Roberts, Jr.
Seymour Roberts, Jr.
Texas State Bar No. 17019150
sroberts@neliganlaw.com
325 N. St. Paul, Suite 3600
Dallas, TX 75201
Telephone: (214) 840-5300
Facsimile: (214) 840-5301

**COUNSEL FOR ANDREW R. KORN, RECEIVER**

---

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT – PAGE 9**
86692v

### **CERTIFICATE OF SERVICE**

I certify that on this 25th day of January, 2018 a true and correct copy of the foregoing pleading was electronically served using the Court's CM/ECF system.

                                            */s/ Seymour Roberts, Jr.*
                                            Seymour Roberts, Jr.